UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| THEODORE E. MUSGROVE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CORPORAL W. BAERLOCHER; SGT. S. SOSHEA; DEPUTY WARDEN T. MCKAY; WARDEN R. ROSS; CAPTAIN B. CROWL; DEPUTY WARDEN D. DIETZ; and WARDEN R. VALLEY, sued in their individual capacities,<br><br>　　　　　　　Defendants. | Case No. 1:25-cv-00360-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Theodore E. Musgrove's Complaint and, later, his Amended Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Amended Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file a second amended complaint if Plaintiff intends to proceed.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

1.      **Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

2.      **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"). Though Plaintiff is currently incarcerated at the Idaho Maximum Security Institution, he states that the events giving rise to his claims arose when he was housed in various prisons.

At one point when Plaintiff was transferred between prisons, some of his property went missing. On August 9, 2024, Plaintiff submitted a concern form—the first step of the prison's

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

administrative grievance process—to Defendant Correctional Officer Baerlocher regarding the missing items of property *Am. Compl.*, Dkt. 9, at 7. Baerlocher answered the concern form as follows:

> Items found: 15 books, 2 cups, eye glass frames, no linzes [sic], remote, headphones ext., 2 pairs socks, 2 fingernail clippers, 1 toe nail clippers. All sent over to you.

*Id.*

Plaintiff then submitted a grievance form, which is the next step in the prison grievance process. The grievance stated that Plaintiff was still missing his television. *Id.* at 8. In investigating Plaintiff's claim, Baerlocher discovered that the missing television was, in fact, on loan to Plaintiff from the IDOC. The IDOC had loaned Plaintiff the television after Plaintiff's own television had been lost. Plaintiff had already been reimbursed for that lost television. As a result, Baerlocher believed Plaintiff "was attempting to manipulate IDOC to reimbursing [sic] him a second time for the same item." *Id.*

Plaintiff was issued a Disciplinary Offense Report ("DOR") for manipulating staff, which is a violation of prison regulations. Defendant Sergeant Soshea presided over the disciplinary hearing. Plaintiff stated at the hearing that Baerlocher issued the DOR not because Plaintiff was attempting to manipulate staff, but in retaliation for filing the grievance itself. *Id.* Soshea reviewed Baerlocher's investigation and concluded that Plaintiff had, indeed, attempted to manipulate staff and that the DOR was appropriate and not issued with a retaliatory motive. Soshea found Plaintiff guilty of the DOR, and Warden Ross affirmed Soshea's findings. *Id.* It appears Defendant Deputy Warden McKay also upheld the DOR. *Id.* at 3–4. Plaintiff received "30 days commissary restriction and 20 days property restriction." *Id.* at 9.

Plaintiff filed a new concern form addressed to Defendant Captain Crowl, complaining about the allegedly retaliatory DOR. Crowl responded that he did not see any evidence of

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

retaliation. Plaintiff then filed a grievance against Captain Crowl, but Defendant Deputy Warden Dietz denied the grievance. Warden Valley upheld this decision and rejected Plaintiff's new complaints about Crowl and Dietz. *Id*. at 10–11.

Plaintiff asserts that the DOR violated Plaintiff's rights to petition the government for redress of grievances, to be free from retaliation for exercising constitutional rights, and to be free from cruel and unusual punishment. *Id*. at 8–15.

### 3.    Discussion

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to further amend the Amended Complaint. Any second amended complaint should take into consideration the following.

#### A.    *Standards of Law for Civil Rights Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045. Further, a defendant whose only role in a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

constitutional violation involved the denial of an administrative grievance cannot be held liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or

training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### B. First Amendment Claims

#### i. Right-to-Petition Claims

The First Amendment includes the right "to petition the government for a redress of grievances." U.S. Const., amend. I. However, an individual's "right to petition the government is a right of expression" only—it "does not guarantee a response to the petition or the right to compel government officials to act on the petition." *Chacon v. Diaz*, 2020 WL 7220459, at *5 (C.D. Cal. Nov. 25, 2020) (unpublished), *report and recommendation adopted*, No. ED-CV-20-1898-JWH (KS), 2021 WL 275924 (C.D. Cal. Jan. 27, 2021), *aff'd*, No. 21-55182, 2025 WL 799485 (9th Cir. Mar. 13, 2025). *See also Smith v. Arkansas State Highway Emp., Loc. 1315*, 441 U.S. 463, 465 (1979) (stating that an individual has a First Amendment right to "speak freely and petition openly, and … is protected by the First Amendment from retaliation for doing so," but that the First Amendment right "provides no guarantee that a speech will persuade or that advocacy will be effective").

Here, it is clear from the face of the Amended Complaint that Plaintiff's right to petition for redress was not violated. He pursued his claims through the grievance process, and no

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

Defendant interfered with that process. Plaintiff was not entitled to a favorable decision on his grievance. Accordingly, the Complaint fails to state a right-to-petition claim.

        ii.        <u>Retaliation Claims</u>

The First Amendment also includes the right to be free from retaliation for exercising constitutional rights. An inmate asserting a retaliation claim must show the following: (1) "a state actor took some adverse action" against the inmate; (2) the defendant took the adverse action "because of" the inmate's exercise of protected conduct; (3) the action "chilled the inmate's exercise" of protected conduct; and (4) the action "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

"[B]are allegations" of a retaliatory motive are insufficient to support a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."). Rather, when analyzing a prison official's proffered reasons for allegedly retaliatory conduct, the Court must "afford appropriate deference and flexibility" to that official. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (internal quotation marks omitted).

Not every retaliatory act taken by an official can be considered an adverse action that chills the exercise of protected speech. The proper inquiry asks whether the official's action "would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted). If it would not, then "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). *See also Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("The [*de minimis*] standard achieves the proper balance between the need to recognize valid retaliation

claims and the danger of federal courts embroiling themselves in every disciplinary act that occurs in state penal institutions.") (internal quotation marks and alteration omitted).

A plaintiff asserting a retaliation claim under § 1983 also "must show a causal connection between a defendant's retaliatory animus and [the plaintiff's] subsequent injury." *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (*Bivens* action). Retaliatory motivation is not established simply by showing an adverse action by the defendant *after* protected speech. Instead, the plaintiff must show a nexus between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating that a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'"). Therefore, although the timing of an official's action can constitute circumstantial evidence of retaliation—if, for example, an adverse action was taken shortly after the official learned about an inmate's exercise of protected conduct—there generally must be something more than mere timing to support an inference of retaliatory intent. *Pratt*, 65 F.3d at 808.

The causal nexus requirement of a retaliation claim is a "but-for" causation test. If the adverse action would have been taken even without the inmate's exercise of protected conduct, the plaintiff cannot satisfy the causation element of the retaliation claim. *Hartman*, 547 U.S. at 260.

Finally, even if an inmate proves that his protected conduct was the but-for cause of an adverse action by a prison official, the inmate's retaliation claim fails so long as that action also reasonably advanced a legitimate penological interest. The state unquestionably has a legitimate interest in maintaining institutional order, safety, and security in its prisons, *Rizzo*, 778 F.2d at 532, and the "plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains," *Pratt*, 65 F.3d at 806.

Here, the Amended Complaint does not plausibly allege a retaliatory motive. Plaintiff offers only a bare accusation that Defendants retaliated against him. But the "obvious alternative explanation" is that Baerlocher believed Plaintiff's grievance about the television was an attempt to manipulate staff in order to receive a double reimbursement. *Iqbal*, 556 U.S. at 682 (internal quotation marks omitted). Thus, the Amended Complaint fails to state a colorable retaliation claim.

### C.      *Eighth Amendment Claims*

Plaintiff also alleges that Defendants acted with "deliberate indifference" to Plaintiff's rights. *Am. Compl*. at 14. This appears to refer to the Eighth Amendment's prohibition against cruel and unusual punishments.

"[T]he Constitution does not mandate comfortable prisons, and prisons … which house persons convicted of serious crimes[] cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). However, though prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). *Keenan v. Hall*, 83 F.3d 1083, 1090–91 (9th Cir. 1996); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

To state a claim under the Eighth Amendment, a prisoner must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

The DOR Plaintiff received subjected him to 30 days of restricted commissary and 20 days of restricted property. *Am. Compl.* at 9. This punishment simply does not rise to the level of a deprivation of the minimal civilized measure of life's necessities or a substantial risk of serious harm. *See Farmer*, 511 U.S. at 834. Thus, the Amended Complaint does not plausibly allege an objectively serious deprivation for purposes of the first prong of an Eighth Amendment analysis.

Nor does the Amended Complaint plausibly suggest that any Defendant acted with deliberate indifference. As explained above with respect to Plaintiff's retaliation claims, the obvious alternative explanation is that Defendant Baerlocher believed Plaintiff was attempting to manipulate staff—not that Baerlocher drew an inference that Plaintiff was at a substantial risk of serious harm—and that the other Defendants found sufficient evidence to uphold the DOR.

### D.    *No Liability of Supervisors or Grievance Responders*

Plaintiff's claims against Defendants Soshea, McKay, Ross, Crowl, Dietz, and Valley are implausible for the additional reason that these Defendants did not personally participate in the alleged violation—the initial issuance of the DOR by Defendant Baerlocher—but, instead, either upheld the DOR based on the evidence in the record or responded to Plaintiff's grievances. These actions simply do not give rise to § 1983 liability. *See Taylor*, 880 F.2d at 1045; *Shehee*, 199 F.3d at 300.

### 4.    **Standards for Second Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's

actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson*, 588 F.2d at 743. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of a First Amendment claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any second amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The second amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Second Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files a second amended complaint, Plaintiff must also file a "Motion to Review the Second Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Amended Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file a second amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the second amended complaint) a Motion to Review the Second Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[1]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which

---

[1] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g). *Spencer v. Barajas*, 140 F.4th 1061, 1066 (9th Cir. 2025).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12

relief may be granted, failure to prosecute, or failure to comply with a Court order.

*See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

DATED: March 31, 2026

Amanda K. Brailsford
U.S. District Court Judge