UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THEODORE E. MUSGROVE,<br><br>                    Plaintiff,<br><br>        v.<br><br>CORPORAL W. BAERLOCHER; SGT. S. SOSHEA; and WARDEN R. ROSS,<br><br>                    Defendants. | Case No. 1:25-cv-00360-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Theodore E. Musgrove is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined it failed to state a claim upon which relief could be granted, and allowed Plaintiff another opportunity to amend. *See Initial Review Order*, Dkt. 13.

Plaintiff has now filed a Second Amended Complaint, along with a Motion to Review the Second Amended Complaint. Dkt. 14, 15. The Court retains its screening authority under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having carefully reviewed the record, the Court concludes Plaintiff has failed to remedy the deficiencies in the Amended Complaint.

1.      **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

## 2.      Factual Allegations

The Second Amended Complaint omits claims against all Defendants other than Defendants Baerlocher, Soshea, and Ross. The pleading repeats Plaintiff's allegations that, after Plaintiff filed a grievance about a missing television, Correctional Officer Baerlocher issued him a Disciplinary Offense Report ("DOR") based on attempting to manipulate staff. Because Plaintiff had already been reimbursed for a television, Baerlocher believed Plaintiff was trying to get reimbursed twice for the same item. Baerlocher asked Plaintiff if it was the same television, and Plaintiff stated it was not.

Sergent Soshea found Plaintiff guilty of the DOR after a hearing. Soshea imposed thirty days of commissary restriction and twenty days of property restriction. Warden Ross upheld Soshea's decision on appeal.

Plaintiff claims the DOR was improperly issued in retaliation for Plaintiff's use of the grievance process. He also claims his procedural due process rights were violated throughout the disciplinary hearing process. *See generally Sec. Am. Compl.*, Dkt. 15.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2

3.    **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A.    ***The Second Amended Complaint Does Not State a Plausible Retaliation Claim***

Plaintiff has not corrected the problems previously identified by the Court with respect to his retaliation claims. Once again, Plaintiff has not plausibly alleged Baerlocher acted with a retaliatory motive. As this Court has previously stated, the "obvious alternative explanation" is that Baerlocher subjectively believed Plaintiff was attempting to receive a double reimbursement for a missing television. *Iqbal*, 556 U.S. at 682 (internal quotation marks omitted). Plaintiff states he was not, in fact, attempting this and so informed Baerlocher, but Baerlocher was not required to believe Plaintiff. Without plausible allegations of a retaliatory motive, the Second Amended Complaint fails to state a colorable retaliation claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a First Amendment retaliation claim).

B.    ***The Second Amended Complaint Does Not State a Plausible Due Process Claim***

Plaintiff has added a claim that his right to due process was violated during the course of his hearing on the DOR. Plaintiff claims that Soshea did not allow him to present evidence, that there was no evidence of guilt presented at the hearing, and that Warden Ross improperly failed to provide findings in support of his decision to uphold the grievance. *Sec. Am. Compl.* at 6–8.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A person cannot obtain relief on a due process claim unless he demonstrates that he was deprived of one of these protected interests.

*Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989). Because prisoners' liberty is necessarily circumscribed as a result of conviction, prisoners have a liberty interest in freedom from restraint only if a change occurs in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Sandin*, for example, the Supreme Court held that thirty days in disciplinary segregation did not deprive the plaintiff of a protected liberty interest. *Id.* at 486–87.

If a prisoner shows he had a protected interest in avoiding discipline, the question then becomes what process the prisoner was due. This determination must be made on a case-by-case basis. *Wolff v. McDonnell*, 418 U.S. 539, 560 (1974) ("Consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.") (internal quotation marks and alteration omitted).

The "essence of due process" is notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976). Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of (1) the charges, (2) the evidence against him, and (3) the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563–66.

Here, Plaintiff was subjected to even less discipline than the inmate in *Sandin*. He was not placed in segregation at all but was, instead, merely placed on commissary restriction for thirty days and property restriction for twenty days. Such a punishment simply does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 484. Accordingly, Plaintiff had no protected liberty interest in avoiding discipline, and his due process claim fails as a matter of law.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4

Even if Plaintiff could show a protected interest, the Second Amended Complaint establishes Plaintiff received all the process he was due. Plaintiff's claim that he was not allowed to present evidence in his defense is contrary to Plaintiff's own allegations; he concedes he addressed the hearing officer and denied the intent to manipulate. Though Plaintiff also complains that Soshea did not allow Plaintiff "to submit favorable documentary evidence," this purported "evidence" was nothing more than the Idaho Department of Correction's grievance process. *Sec. Am. Compl.* at 7. The hearing officer was well aware of those procedures and had no need to review them.

The Second Amended Complaint also belies Plaintiff's contention that no evidence of guilt was presented at the hearing, as Plaintiff acknowledges Officer Baerlocher's report as part of the record before the hearing officer. *Id.* at 6. Finally, Warden Ross was not required to issue written findings when upholding the DOR.

It is clear from the face of the Second Amended Complaint that Plaintiff received notice and an opportunity to be heard before being disciplined. This is all the Due Process Clause requires.

**4.    Conclusion**

For the foregoing reasons, the Second Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief under federal law, the Court will dismiss the Second Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When

a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.   Plaintiff's Motion to Review the Second Amended Complaint (Dkt. 14) is GRANTED.

2.   The Second Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 13), this entire case is DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: July 2, 2026

Amanda K. Brailsford
U.S. District Court Judge